**SIGNED THIS: October 04, 2011**

_____
**THOMAS L. PERKINS
UNITED STATES CHIEF BANKRUPTCY JUDGE**

UNITED STATES BANKRUPTCY COURT
CENTRAL DISTRICT OF ILLINOIS

| | |
|---|---|
| IN RE: ) | |
| ) | |
| CENTRAL ILLINOIS ENERGY ) | Case No. 09-81409 |
| COOPERATIVE, ) | |
| Debtor. ) | |
| ) | |
| RICHARD E. BARBER, not individually ) | |
| but as trustee for the estate of Central Illinois ) | |
| Energy Cooperative, ) | |
| ) | |
| Plaintiff, ) | |
| ) | |
| v. ) | Adv. No. 11-8043 |
| ) | |
| AMEREN ERC, INC., ) | |
| a Missouri corporation, ) | |
| ) | |
| Defendant. ) | |

**O P I N I O N**

Within two years of his appointment as Chapter 7 Trustee for the bankruptcy estate of the Debtor, Central Illinois Energy Cooperative (DEBTOR), Richard E. Barber (TRUSTEE) filed a timely complaint against Ameren ERC, Inc. (AmERC). The complaint

alleges that within four years prior to bankruptcy, the DEBTOR paid AmERC the sum of $13,900 in satisfaction of a debt owed by a third party, Central Illinois Energy, L.L.C., so that the payment is avoidable as a fraudulent transfer. Attached to the complaint is a copy of the DEBTOR'S Check No. 1674 dated 10-27-05 in the amount $13,900 payable to "Ameren ARS" (sic). Summons was timely served by regular mail addressed to:

> Ameren ERC, Inc.
> c/o Thomas R. Voss
> 836 Legends View Dr.
> Eureka, MO 63025

An involuntary Chapter 11 petition was filed against the DEBTOR on May 1, 2009. The order for relief was entered on June 18, 2009. The order converting the case to Chapter 7 was entered on July 16, 2009, and the TRUSTEE was appointed that same day. Conversion does not change the date of the order for relief. 11 U.S.C. § 348(a). The TRUSTEE filed his complaint against AmERC on May 17, 2011.

On June 14, 2011, AmERC filed its first pleading, a motion to enlarge the answer period, through counsel, Samuels, Miller, Schroeder, Jackson & Sly, LLP (the "Samuels firm"). On July 15, 2011, AmERC, through the Samuels firm, filed an answer and affirmative defenses to the complaint, asserting that the subject transfer was not paid to AmERC.

On August 31, 2011, the TRUSTEE moved for leave to amend the complaint to dismiss AmERC as the named defendant and to substitute "AmerenEnergy Resources Generating Company" (ARGC) as the defendant, alleging that "prior to responding to the Complaint, counsel for defendant telephoned Trustee's counsel to advise him that transfer alleged in the Complaint was received by ARGC, not Ameren ERC." The TRUSTEE alleges

2

that AmERC and ARGC are both subsidiaries of Ameren Corporation so that "based upon the telephone communication with defendant's counsel, ARGC should have known that they would have been named as the defendant but for an error."

On September 20, 2011, AmERC, through the Samuels firm, filed its response opposing the motion, in which it is alleged that AmERC has ceased to exist. No explanation is offered as to why AmERC (if it still existed) would oppose a motion to dismiss it from this lawsuit. A fair assumption is that the Samuels firm actually represents ARGC, even though that representation is not disclosed, as the real party in interest that would have standing to oppose the motion. *See Epstein v. Wilder,* 1985 WL 1354 (N.D.Ill. 1985) (there is no such thing as a special and limited appearance in federal court; Rule 12(b)(2) satisfies any concerns about unintentionally submitting to personal jurisdiction through an appearance).

But because ARGC has not been served with summons and has not voluntarily entered its appearance, this Court does not, at present, have personal jurisdiction over that entity. Appearing only on behalf of the nonexistent AmERC, the Samuels firm is asking the Court to adjudicate the rights of a putative party not yet joined over whom personal jurisdiction has not yet been acquired.

Since the motion to amend was filed more than twenty-one days after AmERC filed its answer, leave may not be granted as a matter of course. Fed. R. Bankr. P. 7015(a)(1). Absent the defendant's consent, the court's leave is required and should be freely given when justice so requires. Fed. R. Bankr. P. 7015(a)(2). Rather than viewing the amendment

as purely procedural, the Samuels firm wants to jump right into whether the amended complaint, once filed, will be deemed to relate back to the original complaint for purposes of Fed. R. Bankr. P. 7015(c)(1). That issue is premature. The issue of relation back is properly considered only after an amended pleading is on file. An argument against relation back is not grounds to deny the filing of the amended pleading. Leave to amend under 7015(a) and relation back under 7015(c) are separate issues. *Arthur v. Maersk, Inc.*, 434 F.3d 196, 202-03 (3rd Cir. 2006). Leave to amend may be denied where the record shows undue delay, bad faith or dilatory motive on the part of the movant. *Thompson v. Boggs*, 33 F.3d 847, 853 (7th Cir. 1994). The record supports no such conclusion. The amended complaint should be allowed to be filed, with ARGC to be joined and to appear by counsel. On this basis, the motion should be granted and the amendment allowed. Once personal jurisdiction is properly acquired over ARGC and it is properly represented by counsel of record, it may assert defenses and arguments on its own behalf.

At the risk of propounding *dictum*, but for the guidance of the parties, the Court will briefly address the argument raised in the response filed by the Samuels firm, that the TRUSTEE'S theory of the claim has materially changed, thus precluding its relation back under Fed. R. Bankr. P. 7015(c)(1). The original complaint pleaded the avoidability of a single transfer of $13,900 paid by DEBTOR'S Check No. 1674 dated October 27, 2005. The same transfer is the sole subject of the proposed amended complaint. The original complaint pleaded two alternative counts under sections 5 and 6 of the Uniform Fraudulent Transfer Act (UFTA). So does the proposed amended complaint.

4

AmERC contends that because the proposed amended complaint refers to the payment being made pursuant to a lease agreement that was not referred to in the original complaint, in which no contract is referenced, that the proposed amended complaint asserts an entirely new cause of action.  AmERC is incorrect.  A cause of action under 11 U.S.C. § 544(b)(1) based upon a state's version of the UFTA does not depend upon the nature of the obligation that the transfer satisfied.  In both the original and amended complaints, the same applicable statutory provisions have been alleged, the same challenged payment itself has been identified, and the same facts that make the transfer fraudulent – that the DEBTOR, Central Illinois Energy Cooperative, paid the debt of a third party, Central Illinois Energy, L.L.C. – have been alleged.  The exact nature of the agreement between AmERC (or ARGC or Ameren ARS) and Central Illinois Energy, L.L.C., is not an element that the TRUSTEE is required to prove.  Therefore, an additional allegation concerning that agreement does not change the theory of relief or the elements of proof.  The proposed amended complaint asserts the same claim that arose out of the same transaction as alleged in the original complaint for purposes of F.R.B.P. 7015(c)(1)(B).

The TRUSTEE'S motion for leave to amend shall be granted, the TRUSTEE shall file the First Amended Complaint within fourteen days, and the Clerk shall issue summons directed to the new Defendant, ARGC.

This Opinion constitutes this Court's findings of fact and conclusions of law in accordance with Federal Rule of Bankruptcy Procedure 7052.  A separate Order will be entered.

###